The opinion of the Court was delivered by
JOHNSON, J.
VI do not understand that there is any want of certainty in the description of the land, in the deed made by the sheriff to the plaintiff; and the only question raised, as to the merits of the case, is whether the same degree of certainty was necessary to the entry of the levy, made in the sheriff’s *454 books. These entries are usually copied from the sheriff’s return on the execution, and the object of them is to preserve a record of the manner in which the sheriff has discharged his duty; and whether the execution has or has not been satisfied ; and these objects are as fully attained by concise memoranda containing a general description of the thing levied on, the price and person to whom sold, as if they contained the most formal recital of the defendant’s title, and the precise distance and marks of the boundaries of the'land; and such is the general usage. The deed is the evidence of the contract, between the sheriff and the purchase!’, and it is enough if the lands are sufficiently described in that. If the sheriff take upon himself to sell lands or other property, not levied on, the sale would be void, and an inconsistency in the description of the land in the levy and the deed, might be evidence of that fact; but here, as I understand, the description in the levy is general, which is followed up by a particular description in the deed.— Thus one makes his bond to convey to another his lands in Black acre, and afterwards in pursuance of the bond, makes a deed in which the premises are described by metes and bounds: surely it would not be contended that the deed was void, because of the uncertainty of the description in the bond.
But there is a more conclusive view of this question. .It is not pretended that the land in dispute was not the land actually levied on, advertised and sold, and if there was any error in the entry, the Court would even now order it to be amended, according to the truth and justice of the case. See Sims vs. Campbell and Chambers, 1 McC. Ch. 53.
The propriety of keeping a jury together until they have rendered in their verdict, cannot be too strongly inculcated; but the object is to obtain an unbiased expression of their judgment ; and when, as in this case, it is obvious that their verdict was uninfluenced by any intervening cause, the Judge, in his discretion, was doubtless entitled to receive and record their verdict, although they had dispersed without his permission.— *455 It is every day’s practice, to allow tbe jury to disperse before they render tbeir verdict, when it is necessary; and I cannot perceive tbe great difference in principle between tbis and that case. .
Motion dismissed.
HARPER, J., concurred.
O’Neall, J., having been of counsel in tbe case, gave no opinion.

Motion dismissed.